No. 13-15976

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

KEVIN JONES, an individual; and CHERYL JONES, an individual,

Plaintiffs-Appellants,

v.

CITIMORTGAGE, INC., a business entity; CAL-WESTERN RECONVEYANCE
CORPORATION, a business entity,

Defendants-Appellees.

_____

On Appeal from the United States District Court
Eastern District of California at Fresno
The Honorable Lawrence J. O'Neill, U.S. District Judge

_____

**APPELLANTS' OPENING BRIEF**
_____

MICHAEL D. MALONEY (State Bar No. 208297)
JAMIL L. WHITE (State Bar No. 244028)
LOUIS | WHITE, P.C.
1851 Heritage Lane, Suite 148
Sacramento, CA 95815
Telephone: (916) 333-3613
Facsimile: (916) 274-4631

Attorneys for Appellants

# TABLE OF CONTENTS

I. JURISDICTIONAL STATEMENT........................................................1

II. ISSUES PRESENTED.......................................................................1

III. STATEMENT OF THE CASE...........................................................2

IV. STATEMENT OF FACTS.................................................................3

V. SUMMARY OF ARGUMENT ........................................................10

VI. STANDARDS OF REVIEW...........................................................13

    A. The Standard of Review of a Rule 12(b)(6) Dismissal Is De
    Novo, with Material Allegations Taken as Admitted and
    Inferences Construed in Plaintiff's Favor. A Rule 12(b)(6)
    Motion Tests Only the Sufficiency of the Allegations, not the
    Sufficiency of the Evidence.........................................................13

    B. While Denial of Leave to Amend a Complaint is Reviewed for
    Abuse of Discretion, Dismissal of a Complaint Without Leave to
    Amend Is Improper Unless, upon De Novo Review, It Is Clear
    that the Complaint Could Not Be Saved by any Amendment....................16

VII. ARGUMENT ..............................................................................17

    A. The District Court Erred in Dismissing Joneses'
    Fraud and Negligent Misrepresentation Claims with Prejudice after Making
    Inappropriate Factual Finding on a Rule 12(b)(6) Motion.……………..…17

        1. Joneses' complaint sufficiently alleged that CMI made material
        misrepresentations. The District Court erred in making a factual
        determination that CMI made no material
        misrepresentations……………………………………………..19

    B. It Was Inappropriate for the District Court to Determine on a Motion to
    Dismiss Whether CMI's Business Practices Were Unfair or
    Deceptive…………………………………………………………………...21

C. The District Court Should Have Granted Leave to
Amend..................................................................................................24

VIII. CONCLUSION ................................................................................27

STATEMENT OF RELATED CASES................................................. 28

CERTIFICATE OF COMPLIANCE .................................................... 29

CERTIFICATE OF SERVICE ............................................................. 30

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*AE ex rel. Hernandez v. County of Tulare*
    666 F.3d 631 (9th Cir. 2012) ......................................................................17

*Ashcroft v. al-Kidd,*
    131 S. Ct. 2074 (2011) ................................................................................15

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).............................................................................14, 15

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007).............................................................................14, 15

*Bonano v. Thomas,*
    309 F.2d 320 (9th Cir. 1962) ....................................................................24

*Carrea v. Dreyer's Grand Ice Cream, Inc.,*
    2011 U.S. Dist. LEXIS 6371, *4 (N.D. Cal. Jan. 10, 2011)..................13, 25

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,*
    911 F.2d 242 (9th Cir. 1990)................................................................13, 25

*DeSoto v. Yellow Freight Sys.,*
    957 F.2d. 655 (9th Cir. 1992) ....................................................................24

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) ............................................................16, 21

*Engalla v. Permanente Medical Group, Inc.,*
    15 Cal.4th 951 (1997) ................................................................................19

*Foman v. Davis,*
    371 U.S. 178 (1962) ...........................................................................16, 25

*Fox v. Pollack,*

181 Cal.App.3d 954 (1986) .......................................................................19

*Gilligan v. Jamco Dev. Corp.,*
    108 F.3d 246 (9th Cir. 1997) ..............................................................13, 14

*Jenkins v. McKeithen,*
    395 U.S. 411 (1969) ...................................................................................14

*Johnson v. County of Los Angeles,*
    143 Cal.App.3d 298 (1983) ......................................................................25

*Keniston v. Roberts,*
    717 F.2d 1295 (9th Cir. 1983)............................................................14, 16

*Linear Technology Corp. v. Applied Materials, Inc.,*
    152 Cal.App.4th 115 (2007) .....................................................................22

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,*
    416 F.3d 940 (9th Cir. 2005) ..............................................................16, 21

*McDonald v. Superior Court,*
    180 Cal.App.2d 297 (1986) ......................................................................25

*McKell v. Washington Mutual, Inc.,*
    142 Cal.App.4th 1457 (2006) ..................................................................22

*Mobley v. McCormick,*
    40 F.3d 337 (10th Cir. 1994) ..............................................................15, 21

*Moss v. U.S. Secret Serv.,*
    572 F.3d 962 (9th Cir. 2009).....................................................................15

*Reddy v. Litton Indus., Inc.,*
    912 F.2d 291 (9th Cir. 1990)...............................................................13, 25

*Schnall v. Hertz Corp.,*
    78 Cal.App.4th 1144 (2000) ...............................................................22, 23

*Steckman v. Hart Brewing,*
    143 F.3d 1293 (9th Cir. Cal. 1998) .....................................................13, 25

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
    368 F.3d 1053 (9th Cir. 2004) ......................................................17

*Waits v. Weller*,
    653 F.2d 1288 (9th Cir. 1981) ....................................................16

*Werbel ex rel. v. Pepsico, Inc.*,
    No. C 09-04456 SBA, 2010 U.S. Dist. LEXIS 76289, *3 (N.D. Cal. July 2,
    2010) ...........................................................................................22

*William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*,
    588 F.3d 659 (9th Cir. 2009) ................................................15, 22

*Wyshak v. City National Bank*,
    607 F.2d 824 (9th Cir. 1979) ......................................................16

## STATUTES AND RULES

28 U.S.C. § 1441.................................................................................1

28 U.S.C. § 1332.................................................................................1

28 U.S.C. § 1291.................................................................................1

California Business & Profession Code §§ 17200, *et
seq*.....................................................................................................11

Fed. R. Civ. P. 12(b)(6).......1, 2, 3, 10, 11, 12, 13, 14, 15, 16, 17, 21, 22, 23, 24, 27

Fed. R. Civ. P. 8(a)(2).................................................................10, 14

Fed. R. Civ. P. 15(a)............................................................16, 25, 26

Fed. R. Civ. P. 15(a)(2) ........................................................... 26

## OTHER AUTHORITIES

3 Moore, Federal Practice (2d ed. 1948)………………………………………25

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and
　　Procedure § 1356…………………………………………………………..22

# I. JURISDICTIONAL STATEMENT

This is an appeal from the Order of the United States District Court for the Eastern District of California dismissing this case on a motion under Fed. R. Civ. P. 12(b)(6). The District Court's Order is dated April 19, 2013, and the judgment was entered on April 19, 2013.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, as the defendant CITIMORTGAGE, INC. ("CMI") removed this case from state court because of complete diversity between the plaintiffs Kevin Jones and Cheryl Jones (collectively the "Joneses") and defendant. This court has jurisdiction pursuant to 28 U.S.C. § 1291 because the District Court's order granting CMI's motion to dismiss under Fed. R. Civ. P. 12(b)(6) finally disposed of all claims as to all parties in this case. Joneses timely filed a Notice of Appeal on May 13, 2013.

# II. ISSUES PRESENTED

1. Did the District Court err in dismissing Joneses' fraud and negligent misrepresentation claims on a Rule 12(b)(6) motion when it made (a) its factual findings that defendant's  November 5, 2010 letter to the Joneses enclosing a Home Affordable Modification Agreement ("modification agreement") and Section 3.C of that modification agreement reflected defendant's mistake, not misrepresentations to support fraud in modification of the Joneses' loan and (b)

factual determinations that Joneses attempted to take advantage of a mistake in Section 3.C of the modification agreement, not that they were victims of defendant's fraud?

2. Did the District Court err in determining on a motion to dismiss whether defendant's business practices were unfair or deceptive?

3. Did the District Court err in not allowing Joneses leave to amend their complaint?

## III. STATEMENT OF THE CASE

On November 16, 2012, plaintiffs, Kevin Jones and Cheryl Jones, commenced their suit in California state court against Defendants for claims arising under California state law.

On December 20, 2012, defendant CMI removed the case to the District Court on diversity grounds. (Excerpts of Record ("ER") #1).

Once removed, CMI filed Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). (ER #7). Joneses opposed CMI's motion to dismiss and CMI thereafter filed its Reply memorandum. (ER #8-9). By order dated February 8, 2013, the Court granted CMI's motion to dismiss without prejudice and ordered Joneses to file and serve a first amended complaint. (ER #10).

On February 25, 2013, Joneses filed and served their first amended complaint. (ER #11). On March 18, 2013, CMI filed a second Motion to Dismiss

for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). (ER #15). Joneses

opposed CMI's motion to dismiss. (ER #19). By order dated April 19, 2013, the

Court granted CMI's motion to dismiss and dismissed with prejudice Joneses'

action and all claims against CMI without leave to amend. (ER #20). By Judgment

dated April 19, 2013 (the same day the District Court granted CMI's Motion to

Dismiss) the District Court entered Judgment in accordance with the Court's order

dismissing all claims against CMI without leave to amend. (ER #21).

On May 13, 2013, Joneses timely filed their Notice of Appeal to the Ninth

Circuit Court of Appeals. (ER #24). Joneses appear now before this Court with

their Opening Brief and request for review.

## IV. STATEMENT OF FACTS

On or around July 31, 2006, Joneses executed a Promissory Note ("Note")

and Deed of Trust ("Deed") in favor of CMI. The Deed contains a provision for

attorney's fees. (ER #11, ¶ 7.)

In or around April 2009, Joneses contacted CMI to discuss mortgage

assistance programs available to borrowers. An authorized CMI representative

informed Joneses at that time that they qualified for a modification through CMI.

The CMI representative further informed Joneses that pursuant to the modification,

their interest rate would be adjusted to two percent (2%) and their payments would

be reduced to $1,395.00 per month. The CMI representative further advised

3

Joneses however, that they were required to be at least 90 days late on their mortgage payments in order to obtain the modification. (ER #11, ¶ 8.)

After falling 90 days late on their trial plan payments, Joneses submitted their first reduced payment of $1,395.00 on or around June 28, 2009, as directed by CMI. Joneses continued to submit the reduce payment from July 2009 to November 2009 as instructed by CMI. (ER #11, ¶ 9.)

In November 2009, Joneses received a Home Affordable Modification Trial Period Plan ("HAMP Trial") from CMI. Pursuant to the HAMP Trial Joneses were required to submit a payment of $1,395.00 "which includes payment for Escrow items, including real estate taxes, insurance premiums and other fees." (ER #11, ¶ 10.)   Joneses signed and returned the HAMP Trial on or around November 30, 2009. Joneses submitted their HAMP Trial payments on December 1, 2009; January 1, 2010 and February 1, 2010. (ER #11, ¶ 11.)

At the conclusion of the HAMP Trial on February 1, 2010, Joneses contacted CMI to inquire about their permanent modification. Joneses were instructed by an authorized CMI representative at that time to continue submitting the HAMP Trial payment until they received a modification offer. (ER #11, ¶ 12.) Joneses continued to submit the HAMP Trial payments until November 2010 as directed by CMI. (ER #11, ¶ 13.)

Finally, in or around November 2010, Plaintiff KEVIN JONES received a phone call from a CMI representative. The representative informed Plaintiff KEVIN JONES that Joneses had been approved for a permanent modification with a payment of around $1,600.00. The CMI representative further advised Plaintiff KEVIN JONES that the permanent loan modification documents would be sent to his home. (ER #11, ¶ 14.)

On or around November 5, 2010, Joneses received a Home Affordable Modification Agreement ("HAMP Modification") from CMI. Included with the HAMP Modification agreement was a letter from a CMI representative named Laura Jordan. The letter advised Joneses on how to accept the HAMP Modification and included a summary of the terms of the HAMP Modification ("HAMP Modification Summary"). Specifically, the HAMP Modification Summary included a paragraph stating that the "Terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for the payment of your property taxes, insurance premiums and other required fees. . . Your initial monthly escrow payment will be $500.58. This amount is included in the loan payment noted in Section 3.C. of the enclosed Modification Agreement; you do not need to remit this amount separately." (ER #11, ¶ 15.)

5

After reviewing the terms of the HAMP Modification, Joneses signed, notarized and returned the executed HAMP Modification on or around November 15, 2010. (ER #11, ¶ 16.)

Joneses attempted to submit their first payment of $2,150.91 on December 1, 2010 to CMI by telephone. The CMI representative who assisted Joneses however, advised them that she could not accept Joneses payment because it was a "partial payment" and Joneses were required to pay $2,651.19. Joneses immediately asserted that the payment amount under their HAMP Modification was $2,150.91, however, the CMI representative refused to assist Joneses further. (ER #11, ¶ 17.)

Joneses continued to attempt to submit their modified payment throughout December 2010 but CMI representatives continued to refuse to accept it. Finally, on January 10, 2011, Joneses called CMI and were assisted by a CMI representative named Ashanca. Joneses explained to Ashanca that pursuant to the HAMP Modification, Joneses monthly mortgage payment was $2,150.91 which included a payment to escrow but that CMI representatives had wrongfully refused to accept Joneses' payments. Ashanca agreed to accept Joneses' payment on behalf of CMI and advised them that their payment confirmation number was #1706954. Ashanca further advised Joneses, however, that Joneses should mail in their payments each month. (ER #11, ¶ 18.)

Because Joneses were behind on their monthly mortgage payments under the HAMP Modification due to CMI's refusal to accept their timely December and January payments via phone or in the CMI branch office, on January 28, 2011, Joneses called CMI to attempt to submit their January 2011 payment. A CMI representative named Junell accepted Joneses' payment at this time and advised them that their payment confirmation number was #17181051. Junell also advised Joneses that they should mail in any their payments each month. (ER #11, ¶ 19.)

From February 2011 to April 2012, Joneses mailed their payments of $2,150.91 to CMI as instructed by CMI. (ER #11, ¶ 20.)

On or around January 17, 2012, however, Joneses received a demand letter from CMI informing them that they were in default on their Note in the amount $12,778.09. (ER #11, ¶ 21.)

Joneses immediately contacted CMI and informed an authorized CMI representative named Airean that they had been making their loan payments for over one year pursuant to the HAMP Modification given to them in November 2010. Airean represented to Joneses at this time that their loan was in default due to their failure to submit the escrow payments on their loan. Joneses informed Airean that they had been advised by a CMI representative named Laura Jordan that their modified loan would contain an escrow account, that their initial escrow payment would be $500.58 and that they did not have to remit that payment

separately because it was included in the loan payment noted in Section 3.C. of the HAMP Modification. Joneses further pointed out to Airean that Section 3.C. of the HAMP Modification instructed Joneses to submit a payment of $2,150.91 for the first five years of the loan. (ER #11, ¶ 22.)

After reviewing Joneses HAMP Modification, Airean then represented to Joneses that due to CMI's own error the payment amount in Section 3.C. of the HAMP Modification did not include an escrow payment and Joneses should have been submitting a payment of $2,600.00 each month. Joneses immediately contested that this payment amount was never agreed to by Joneses and demanded the assistance of a CMI manager. (ER #11, ¶ 23.)

Joneses spoke with numerous CMI representatives who indicated to Joneses that they held management positions at CMI and could assist Joneses with their loan. These representatives, including individuals named Alex, June, Tom and Andrea, however, continued to represent to Joneses that CMI had failed to include the escrow amount in their monthly payment and that Joneses were required to remit the $2,600.00 payments and cure the default that had accrued against their account. (ER #11, ¶ 24.)

After having spoken to numerous CMI representatives regarding the alleged default on their Note, Joneses were informed that their case had been transferred to a CMI mortgage associate named Brondy Leung on or around January 25, 2012.

(ER #11, ¶ 25.) Joneses contacted Ms. Leung in furtherance of their effort to resolve the problems with their HAMP Modification, but Ms. Leung asserted that Joneses were required to cure the alleged default and submit a higher monthly payment of $2,600.00. (ER #11, ¶ 26.)

In May 2012, Defendant CMI returned Joneses mortgage payment uncashed with a letter from CMI's foreclosure department informing Joneses that CMI would not accept Joneses' mortgage payment because Joneses' loan was in foreclosure. (ER #11, ¶ 27.) CMI continued to return Joneses mortgage payments uncashed in June, July and August 2012. (ER #11, ¶ 28.)

On or around July 13, 2012, CAL-WESTERN RECONVEYANCE recorded a Notice of Default ("NOD") against the Property on behalf of CMI. (ER #11, ¶ 29.) On or around July 17, 2012, after receiving the NOD on their Property, Joneses contacted CMI to request assistance through the McGraw Project. Joneses were informed by Ms. Leung at that time, however, that they did not qualify for assistance under the McGraw Project as a result of CMI's mistake on their HAMP Modification. Frustrated Joneses then inquired into their ability to obtain a new modification of their loan with a reduction of their principle balance. Ms. Leung stated that she would have to check with her manager, a CMI representative named Marie (identification number ME44724) but would call Joneses with a response by July 25, 2012 (ER #11, ¶ 30.) Joneses did not receive a response from Ms. Leung

or her supervisor Marie by July 25, 2012. Joneses attempted to contact Ms. Leung in the beginning of August but were informed by CMI representatives, including an individual named Patrick, that Ms. Leung was not available. (ER #11, ¶ 31.)

On or around September 4, 2012, Joneses received a letter from CMI stating that Joneses were not eligible for a modification under HAMP. (ER #11, ¶ 32.)  On September 4, 2012, however, Joneses also received a phone call from a CMI representative named Brian stating that Joneses had been approved for a trial modification under CMI's Supplemental Modification Program. Pursuant to the new modification however, Joneses monthly mortgage payments would increase to $2,291.79 per month for three months beginning on October 1, 2012. Joneses rejected CMI's modification offer and continued to contest the alleged default on their Note. (ER #11, ¶ 33.)

In September 2012, CMI accepted Joneses' mortgage payment of $2,150.91 after having rejected Joneses' payment for three months. (ER #11, ¶ 34.)

### V. SUMMARY OF ARGUMENT

The District Court erred in granting CMI's motion to dismiss Joneses' claims under Fed. R. Civ. P. 12(b)(6), and in dismissing Joneses' complaint with prejudice and without leave to amend.

On a Rule 12(b)(6) motion to dismiss, the material allegations of the complaint are to be accepted as true. Under Fed. R. Civ. P. 8(a)(2), only a short

and plain statement of the claim showing the pleader's entitlement to relief is required. Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint only need contain sufficient factual matter, accepted as true to state a claim to relief that has facial plausibility. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations only. It is improper to make factual determinations on a Rule 12(b)(6) motion. And, even if a court finds dismissal of a complaint warranted, it should grant plaintiff leave to amend unless the amendment would be futile. Unless it is clear that the complaint could not be saved by any amendment, dismissal of a complaint with prejudice and without leave to amend is error.

Joneses have pleaded tort claims for fraud – intentional misrepresentation, negligent misrepresentation, negligence and violation of Business and Professions Code Section 17200 et seq. Joneses allege that they are victims of fraud and wrongful foreclosure committed by their lender, CMI. After granting Joneses a permanent loan modification, CMI advised Joneses that their modified loan would contain an escrow account, that their initial escrow payment would be $500.58 and that they did not have to remit that payment separately because it was included in the loan payment noted in Section 3.C. of the loan modification. Moreover, Section 3.C. of the modification instructed Joneses to submit a monthly payment of $2,150.91 for the first five years of the loan. Joneses diligently met their obligations under the terms of their modified loan until CMI refused to accept

11

further payments from Joneses. When Joneses contacted CMI, they were informed that due to CMI's own purported error Joneses should have been submitting a different payment of $2,600.00 each month. Joneses were then told that they were required to cure the alleged default that had accrued against their account and submit higher monthly payments. Despite Joneses' attempts to resolve the problems with their modification, CMI initiated foreclosure proceedings against Joneses' property.

As to Joneses' misrepresentation claims, the District Court erred in making inappropriate factual findings that Section 3.C of Joneses' modification agreement reflect defendant's mistake, not misrepresentations to support fraud in modification of the Joneses' loan and inappropriate factual determinations that the trier of fact would have to make in order to determine whether Joneses attempted to take advantage of a mistake in Section 3.C of the modification agreement or whether in fact Joneses were victims of defendant's fraud. In their complaint, Joneses pleaded sufficient facts to satisfy all the elements of intentional and negligent misrepresentation claims, and the District Court erred in dismissing these claims with prejudice and without granting leave to amend.

As to Joneses' unfair competition claims, the District Court erred in making improper factual determinations on a Rule 12(b)(6) motion whether defendant's business practices were unfair or deceptive. It was inappropriate for the district

court to determine on a motion to dismiss whether Appellee's business practices were unfair or deceptive because this determination is a question of fact that must be decided by weighing evidence, and is not properly disposed of by a 12(b)(6) motion.

Furthermore, the District Court should have granted leave to amend. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Steckman v. Hart Brewing*, 143 F.3d 1293, 1296 (9th Cir. Cal. 1998). "If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile." *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 2011 U.S. Dist. LEXIS 6371, *4 (N.D. Cal. Jan. 10, 2011) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990)). Leave to amend Joneses' complaint should have been granted because all of the deficiencies noted by the trial court could have been cured through amendment of Joneses' complaint.

## VI. STANDARDS OF REVIEW

### A. The Standard of Review of a Rule 12(b)(6) Dismissal Is *De Novo*, with Material Allegations Taken as Admitted and Inferences Construed in Plaintiff's Favor. A Rule 12(b)(6) Motion Tests Only the Sufficiency of the Allegations, not the Sufficiency of the Evidence.

"A dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is a ruling on a question of law subject to de novo review." *Gilligan v. Jamco Dev.*

13

*Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (citation omitted). "On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give a defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The Rule 8 standard contains 'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan*, 108 F.3d at 249 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

14

The requirement that a complaint set forth plausible grounds for relief is not akin to a probability requirement at the pleading stage. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff need not provide "detailed factual allegations," but must only set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Post-*Iqbal* and Twombly, the Ninth Circuit clarified that a Fed. R. Civ. P. 12(b)(6) dismissal is inappropriate where the "factual content of the complaint and reasonable inferences therefrom are plausibly suggestive of a claim entitling [plaintiff] to relief." See *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 964-66 (9th Cir.2009) *(*citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The court must still "accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2079 (2011); *William O. Gilley Enters., Inc. v. Atlantic Richfield Co.,* 588 F.3d 659, 662 (9th Cir. 2009). Here, the Joneses complaint has set forth numerous well-pled facts, which if taken as true as the trial court was required to do at the motion to dismiss stage, plausibly state a claim for relief.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations only, accepting those allegations as true. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). It is inappropriate to make factual determinations

on a Rule 12(b)(6) motion. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d 940, 950 (9th Cir. 2005).

    **B.** **While Denial of Leave to Amend a Complaint is Reviewed for Abuse of Discretion, Dismissal of a Complaint Without Leave to Amend Is Improper Unless, upon *De Novo* Review, It Is Clear that the Complaint Could Not Be Saved by any Amendment.**

Under Fed. R. Civ. P. 15(a), leave to amend should be freely given. "The decision to grant or deny leave to amend is within the discretion of the trial court, *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981), but '[o]rdinarily, leave to amend should be freely given in the absence of prejudice to the opposing party.' *Id.*; *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979)." *Keniston*, 717 F.2d at 1300. While leave to amend may be denied for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," denial of leave to amend in the absence of such a reason is an abuse of discretion and reversible. *Foman v. Davis*, 371 U.S. 178, 183 (1962).

In the event that a court finds that dismissal of a complaint under Rule 12(b)(6) is warranted, it should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Unless it is clear, upon *de novo* review that the

complaint could not be saved by any amendment, dismissal of a complaint with prejudice and without leave to amend is improper. *Id.*; *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## VII. ARGUMENT

### A. The District Court Erred in Dismissing Joneses' Fraud and Negligent Misrepresentation Claims with Prejudice after Making Inappropriate Factual Findings on a Rule 12(b)(6) Motion

Joneses' misrepresentation claims were two-fold. The first was that CMI falsely represented to Joneses that they had been approved for a HAMP Modification pursuant to which they were required to submit a payment of $2,150.91 for the first five years which would include Joneses' monthly escrow payments. The second was that, after Joneses agreed to and diligently made payments under the HAMP Modification based on the information contained in the November 5 letter and loan modification agreement from CMI, CMI falsely represented to Joneses that they were required to pay a higher amount not disclosed to Joneses prior to their acceptance of the HAMP Modification.

The District Court erroneously rejected the misrepresentation claims by making the following inappropriate factual findings pertaining to the November 5 letter and loan modification agreement from CMI:

17

1. "The November 5 letter and Section 3.C. reflect CMI's **mistake, not misrepresentations** to support fraud in modification of the Joneses' loan." *ER #20, Dismissal Order, page 9, line 24.* (Emphasis added).

2. "The modification agreement's Section 3.C. **mistakenly** omits the $500.58 monthly escrow payment and references only the $2,150.91 principal and interest payment." *ER #20, Dismissal Order, page 9, line 22.* (Emphasis added).

3. "The **mistake** is amplified in that Section 3.C. notes the 'Total Monthly Payment' as '$000.00.'" *ER #20, Dismissal Order, page 9, line 23.* (Emphasis added).

4. "Section 3.C. of the modification agreement clearly denotes an 'Estimated Monthly Escrow Payment Amount' and a 'Total Monthly Payment,' but **mistakenly** reflects '$000.00' for the escrow and total payments." *ER #20, Dismissal Order, page 10, line 17.* (Emphasis added).

The District Court then compounded its errors by making inappropriate factual determination that Joneses attempted to take advantage of a mistake in Section 3.C of the modification agreement, not that they are victims of defendant's fraud. *ER #20, Dismissal Order, page 11, line 20.*

**1. Joneses' complaint sufficiently alleged that CMI made material misrepresentations. The District Court erred in making a factual determination that CMI made no material misrepresentations.**

Fraud elements for deceit are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 974, 64 Cal.Rptr.2d 843 (1997).

Negligent misrepresentation elements are "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal.App.3d 954, 962, 226 Cal.Rptr. 532 (1986).

In their complaint, Joneses alleged sufficient facts to satisfy all the elements of intentional misrepresentation and negligent misrepresentation claims. The FAC's (first) intentional misrepresentation and (second) negligent misrepresentation claims allege that:

1. CMI representatives falsely represented that the Joneses were approved for a HAMP modification with a $2,150.91 monthly payment for five years and which included monthly escrow payments;

19

2.  CMI made untrue representations regarding the modification agreement and "the necessity to remit a separate escrow payment in addition to the payment amount required" in the modification agreement's section 3.C.

3.  After the Joneses had made $2,150.91 monthly payments for more than a year, CMI informed the Joneses that they were in default for $12,778.09 due to CMI's failure to include the monthly escrow payment in the modification agreement schedule;

4.  CMI "attempts to collect a higher monthly payment from Plaintiffs by asserting that [CMI] 'miscalculated' the amount Plaintiffs should have been paying each month under the HAMP Modification";

5.  CMI knew or should have known that the Joneses accepted the modification agreement based on its terms and the November 5 letter;

6.  CMI intended that Joneses rely on these material misrepresentations and concealment of material facts; and

7.  Joneses relied on these material misrepresentations to their detriment and suffered damages as a result.

These allegations are sufficient to state "a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, that CMI affirmatively misrepresented the terms of Joneses' loan modification.

20

The District Court inappropriately dismissed Joneses' misrepresentation claims by making a factual determination that the November 5 letter and Section 3.C. of the modification agreement reflect CMI's mistake, not misrepresentations to support fraud in modification of the Joneses' loan. This is not a determination that can be made on a Rule 12(b)(6) motion, as a motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations only, accepting those allegations as true. *Mobley*, 40 F.3d at 340. It is inappropriate to make factual determinations on a Rule 12(b)(6) motion. *Livid Holdings*, 416 F.3d at 950.

Moreover, based on Joneses' allegations, it cannot be said that Joneses' complaint could not be saved by amendment. As if this Court determines that the factual determinations made by the District Court are appropriate, the facts, as alleged in conjunction with the Court's final determinations, give rise to contract formation and breach of contract causes of action. Thus, the District Court's dismissal of Joneses' complaint with prejudice and without leave to amend was improper. *E.g.*, *Eminence Capital*, 316 F.3d at 1052.

## B. It Was Inappropriate for the District Court to Determine on a Motion to Dismiss Whether CMI's Business Practices Were Unfair or Deceptive

It was inappropriate for the district court to determine on a motion to dismiss whether CMI's business practices were unfair or deceptive. This determination is a question of fact that must be decided by weighing evidence, and is not properly

disposed of by a 12(b)(6) motion. *Werbel ex rel. v. Pepsico, Inc.,* No. C 09-04456 SBA, 2010 U.S. Dist. LEXIS 76289, *3 (N.D. Cal. July 2, 2010) (citing *Williams*, 552 F.3d at 938) ("The question of whether a business practice is deceptive generally presents a question of fact not suited for resolution on a motion to dismiss"). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965. See also 5 *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1356 ("[T]he motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case"). *Williams*, 552 F.3d at 539. California courts have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer. See e.g., *Linear Technology Corp. v. Applied Materials, Inc.*, 152 Cal.App.4th 115, 134-35 (2007). "Whether a business practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides.'" *Williams*, 552 F.3d at 938 (quoting *McKell v. Washington Mutual, Inc.,* 142 Cal.App.4th 1457, 1472, (2006)).

Whether a practice is deceptive or fraudulent "cannot be mechanistically determined under the relatively rigid legal rules applicable to the sustaining or overruling of a demurrer." *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1167 (2000). As with the determination of whether a practice is fraudulent, the

determination whether it is unfair is one of fact, which requires a review of the evidence from both parties. *Id.* This determination cannot usually be made on motion to dismiss. *Id.*

Here, Joneses' complaint pleaded sufficient facts, not just bare legal conclusions, to allege that CMI's business practices in servicing home mortgage loans were deceptive, fraudulent, or unfair because they mislead the reasonable consumer. Moreover, Joneses have alleged multiple predicate violations of specific statutory and common law provisions which support their UCL claim, including claims for fraud and wrongful foreclosure. As these facts provided clear grounds for demonstrating unfair or deceptive business practices, under relevant law, they were required to be properly considered and investigated through "a weighing of evidence on both sides," and not simply "mechanically determined through relatively rigid legal rules." *See Schnall*, 78 Cal.App.4th at 1167. The District Court determined that "Defendants are further correct that foreclosure of the property fails to support a UCL claim in the absence of allegations of the Joneses' performance to avoid default*." Docket #20, Dismissal Order, page 15, line 3*. In light of Joneses' allegations of fraud and misrepresentation associated with the servicing of their loan, this determination is a question of fact that must be decided by weighing evidence, and is not properly disposed of by a 12(b)(6) motion.

Accordingly, the district court improperly dismissed Joneses' UCL claims.

23

## C. The District Court Should Have Granted Leave to Amend

The Ninth Circuit has long held that in dismissing a claim on a Rule 12(b)(6) motion, trial courts must generally provide Joneses leave to amend their initial complaint in order to cure the deficiencies. *See DeSoto v. Yellow Freight Sys.*, 957 F.2d. 655 (9th Cir. 1992); *Bonano v. Thomas*, 309 F.2d 320 (9th Cir. 1962). In *Schreiber*, the Ninth Circuit expressly stated: "If a complaint is dismissed for failure to state a claim, leave to amend should be granted *unless* the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id. at* 1401. In reversing the lower court, it held, "leave should have been granted unless the court determined that the allegation of other facts….could not have possibly cured the deficiency." *Id at* 322. As such, a failure of a district court to grant leave if it has not provided any express determination on the possibility of curing defects by additional facts provides sufficient grounds to overrule the trial court's dismissal.

Unless the complaint shows on its face that it is incapable of amendment, denial of leave to amend constitutes an abuse of discretion, irrespective of whether leave to amend is requested or not. Liberality in permitting amendment is the rule, not only where a complaint is defective as to form, but also where it is deficient in substance—if a fair, prior opportunity to correct the substantive defect has not been

given. *Johnson v. County of Los Angeles*, 143 Cal.App.3d 298, 306, (1983);

*McDonald v. Superior Court*, 180 Cal.App.2d 297, 303-04 (1986).

Furthermore, "Dismissal without leave to amend is improper unless it is

clear, upon de novo review, that the complaint could not be saved by any

amendment." *Steckman v. Hart Brewing*, 143 F.3d 1293, 1296 (9th Cir. Cal. 1998).

"If the allegations are insufficient to state a claim, a court should grant leave to

amend, unless amendment would be futile." *Carrea v. Dreyer's Grand Ice Cream,

Inc.*, 2011 U.S. Dist. LEXIS 6371, *4 (N.D. Cal. Jan. 10, 2011) (citing *Reddy v.

Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc.

v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 246-47 (9th Cir. 1990)).

"Rule 15(a) declares that leave to amend 'shall be freely given when justice

so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182

(1962) (citing 3 *Moore, Federal Practice* (2d ed. 1948), paras. 15.08, 15.10). "If

the underlying facts or circumstances relied upon by a plaintiff may be a proper

subject of relief, he ought to be afforded an opportunity to test his claim on the

merits." *Id.* "In the absence of any apparent or declared reason—such as undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment,

etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but *outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules*." *Id.* (*Emphasis added*).

Applicably, leave to amend should have been granted in the present case because: 1) the trial court made improper factual findings; 2) it was an abuse of the trial court's discretion to deny leave to amend without providing proper justification for the denial; and 3) an amendment of Joneses' Complaint could have cured the deficiencies in spite of the factual determinations made by the trial court. Even if this Court determines that the factual determinations made by the District Court are appropriate, the facts, as alleged in conjunction with the Court's final determinations, give rise to contract formation and breach of contract causes of action. Furthermore, by not granting leave to amend, the trial court acted in conflict with the spirit of the Federal Rules and the interests of justice. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"). Therefore, leave to amend Joneses' Complaint should have been granted because the trial court abused its discretion due to the court's improper findings and since

all of the deficiencies noted by the trial court could have been cured through amendment of Joneses' Complaint.

## VIII. CONCLUSION

For the foregoing reasons, the District Court improperly granted CMI's Rule 12(b)(6) motion and improperly dismissed Joneses' complaint with prejudice and without leave to amend. This Court should reverse the District Court's Rule 12(b)(6) order and judgment and remand for further proceedings.

RESPECTFULLY SUBMITTED this 21st day of August, 2013.

<u>s/ Michael D. Maloney State Bar # 208297</u>
Michael D. Maloney (State Bar No. 208297)
Jamil L. White (State Bar No. 244028)
LOUIS | WHITE, P.C.
1851 Heritage Lane, Suite 148
Sacramento, CA 95815
Telephone: (916) 333-3613
Facsimile: (916) 274-4631

## STATEMENT OF RELATED CASES

No related cases are pending in this Court.

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in

Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. This brief uses a

proportional typeface and 14-point font, and contains 6,125 words.

DATED: August 21, 2013

<u>s/ Michael D. Maloney State Bar # 208297</u>
Michael D. Maloney, Esq.,
*Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>  s/ Shiloh Borsh   </u>