No. 13-15976

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

KEVIN JONES, an individual; and CHERYL JONES, an individual,

Plaintiffs-Appellants,

v.

CITIMORTGAGE, INC., a business entity; CAL-WESTERN RECONVEYANCE CORPORATION, a business entity,

Defendants-Appellees.

_____

On Appeal from the United States District Court
Eastern District of California at Fresno
The Honorable Lawrence J. O'Neill, U.S. District Judge

_____

**APPELLANTS' REPLY BRIEF**
_____

MICHAEL D. MALONEY (State Bar No. 208297)
JAMIL L. WHITE (State Bar No. 244028)
LOUIS | WHITE, P.C.
1851 Heritage Lane, Suite 148
Sacramento, CA 95815
Telephone: (916) 333-3613
Facsimile: (916) 274-4631

Attorneys for Appellants

## TABLE OF CONTENTS

I. REASON FOR REPLY ................................................................................... 1

II. ARGUMENT ................................................................................................ 3

    A. The District Court Erred in Dismissing Joneses' Claims with Prejudice after Making Inappropriate Factual Findings on a Rule 12(b)(6) Motion ................................................................................... 3

    B. The District Court Should Have Granted Leave to Amend ........................ 4

III. CONCLUSION ............................................................................................ 6

CERTIFICATE OF SERVICE ................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bonano v. Thomas,*
    309 F.2d 320 (9th Cir. 1962) ................................................................. 4

*Carrea v. Dreyer's Grand Ice Cream, Inc.,*
    2011 U.S. Dist. LEXIS 6371, *4 (N.D. Cal. Jan. 10, 2011) .......................... 5

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,*
    911 F.2d 242 (9th Cir. 1990) ................................................................. 5

*DeSoto v. Yellow Freight Sys.,*
957 F.2d. 655 (9th Cir. 1992) ................................................................. 4

*Eminence Capital, LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) .............................................................. 8

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,*
    416 F.3d 940 (9th Cir. 2005) ................................................................. 4

*Mobley v. McCormick,*
    40 F.3d 337 (10th Cir. 1994) ................................................................. 4

*Reddy v. Litton Indus., Inc.,*
    912 F.2d 291 (9th Cir. 1990) ................................................................. 5

*Schreiber Distributing Co. v. Serv-Well Furniture Co. Inc.,*
    806 F.2d 1393 (9th Cir. 1986) ............................................................ 4, 5

*Steckman v. Hart Brewing*,
    143 F.3d 1293 (9th Cir. Cal. 1998) ......................................................... 5

**STATUTES AND RULES**

Fed. R. Civ. P. 12(b)(6) ........................................................................... 1, 2, 3, 4, 6

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 1

# I. REASON FOR REPLY

Respondents' brief makes it evident that they are satisfied with the trial court's ruling. However, what is missed is Appellants' main argument that the trial court made its ruling on issues outside of the pleadings. That is, primarily, that the court's ruling centers on the issue of mistake. In this instance whether or not there was a mistake in the written loan modification provided to Plaintiffs is an issue of fact and one not to be determined at the pleadings stage.

On a Rule 12(b)(6) motion to dismiss, the material allegations of the complaint are to be accepted as true. Under Fed. R. Civ. P. 8(a)(2), only a short and plain statement of the claim showing the pleader's entitlement to relief is required. Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint only need contain sufficient factual matter, accepted as true to state a claim to relief that has facial plausibility. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations only. It is improper to make factual determinations on a Rule 12(b)(6) motion.

Appellants' allege that they are victims of fraud and wrongful foreclosure committed by their lender, CMI. After granting Joneses a permanent loan modification, CMI advised Joneses that their modified loan would contain an escrow account, that their initial escrow payment would be $500.58 and that they did not have to remit that payment separately because it was included in the loan

1

payment noted in Section 3.C. of the loan modification. Moreover, Section 3.C. of the modification instructed Joneses to submit a monthly payment of $2,150.91 for the first five years of the loan. Joneses diligently met their obligations under the terms of their modified loan until CMI refused to accept further payments from Joneses.

As to Joneses' misrepresentation claims, the District Court erred in making inappropriate factual findings that Section 3.C of Joneses' modification agreement reflect defendant's mistake, not misrepresentations to support fraud in modification of the Joneses' loan and inappropriate factual determinations that the trier of fact would have to make in order to determine whether Joneses attempted to take advantage of a mistake in Section 3.C of the modification agreement or whether in fact Joneses were victims of defendant's fraud. In their complaint, Joneses pleaded sufficient facts to satisfy all the elements of intentional and negligent misrepresentation claims, and the District Court erred in dismissing these claims with prejudice and without granting leave to amend.

As to Joneses' unfair competition claims, the District Court erred in making improper factual determinations on a Rule 12(b)(6) motion whether defendant's business practices were unfair or deceptive. It was inappropriate for the district court to determine on a motion to dismiss whether Appellee's business practices were unfair or deceptive because this determination is a question of fact that must

be decided by weighing evidence, and is not properly disposed of by a 12(b)(6) motion.

## II. ARGUMENT

### A. The District Court Erred in Dismissing Joneses' Claims with Prejudice after Making Inappropriate Factual Findings on a Rule 12(b)(6) Motion

The District Court erroneously rejected the misrepresentation claims by making the following inappropriate factual findings pertaining to the November 5 letter and loan modification agreement from CMI:

1. "The November 5 letter and Section 3.C. reflect CMI's **mistake, not misrepresentations** to support fraud in modification of the Joneses' loan." *ER #20*, *Dismissal Order, page 9, line 24*. (Emphasis added).

2. "The modification agreement's Section 3.C. **mistakenly** omits the $500.58 monthly escrow payment and references only the $2,150.91 principal and interest payment." *ER #20, Dismissal Order, page 9, line 22*. (Emphasis added).

3. "The **mistake** is amplified in that Section 3.C. notes the 'Total Monthly Payment' as '$000.00.'" *ER #20, Dismissal Order, page 9, line 23*. (Emphasis added).

4. "Section 3.C. of the modification agreement clearly denotes an 'Estimated Monthly Escrow Payment Amount' and a 'Total Monthly Payment,' but

3

**mistakenly** reflects '$000.00' for the escrow and total payments." *ER #20, Dismissal Order, page 10, line 17*. (Emphasis added).

The District Court then compounded its errors by making inappropriate factual determination that Joneses attempted to take advantage of a mistake in Section 3.C of the modification agreement, not that they are victims of defendant's fraud. *ER #20, Dismissal Order, page 11, line 20.*

The District Court inappropriately dismissed Joneses' misrepresentation claims by making a factual determination that the November 5 letter and Section 3.C. of the modification agreement reflect CMI's mistake, not misrepresentations to support fraud in modification of the Joneses' loan. This is not a determination that can be made on a Rule 12(b)(6) motion, as a motion to dismiss under Rule 12(b)(6) tests the sufficiency of the allegations only, accepting those allegations as true. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). It is inappropriate to make factual determinations on a Rule 12(b)(6) motion. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005).

### B. The District Court Should Have Granted Leave to Amend

The Ninth Circuit has long held that in dismissing a claim on a Rule 12(b)(6) motion, trial courts must generally provide Joneses leave to amend their initial complaint in order to cure the deficiencies. *See DeSoto v. Yellow Freight Sys.*, 957 F.2d. 655 (9th Cir. 1992); *Bonano v. Thomas*, 309 F.2d 320 (9th Cir. 1962). In

*Schreiber Distributing Co. v. Serv-Well Furniture Co. Inc.*, 806 F.2d 1393 (9th Cir. 1986), the Ninth Circuit expressly stated: "If a complaint is dismissed for failure to state a claim, leave to amend should be granted *unless* the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id. at* 1401. In reversing the lower court, it held, "leave should have been granted unless the court determined that the allegation of other facts….could not have possibly cured the deficiency." *Id at* 322. As such, a failure of a district court to grant leave if it has not provided any express determination on the possibility of curing defects by additional facts provides sufficient grounds to overrule the trial court's dismissal.

  Furthermore, "Dismissal without leave to amend is improper unless it is clear, upon de novo review that the complaint could not be saved by any amendment." *Steckman v. Hart Brewing*, 143 F.3d 1293, 1296 (9th Cir. Cal. 1998). "If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile." *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 2011 U.S. Dist. LEXIS 6371, *4 (N.D. Cal. Jan. 10, 2011) (citing *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.,* 911 F.2d 242, 246-47 (9th Cir. 1990)).

  Based on Appellants' allegations, it cannot be said that Joneses' complaint could not be saved by amendment. As if this Court determines that the factual

5

determinations made by the District Court are appropriate, the facts, as alleged in conjunction with the Court's final determinations, give rise to contract formation and breach of contract causes of action. Thus, the District Court's dismissal of Joneses' complaint with prejudice and without leave to amend was improper. *E.g.*, *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

Therefore, leave to amend Joneses' Complaint should have been granted because the trial court abused its discretion due to the court's improper findings and since all of the deficiencies noted by the trial court could have been cured through amendment of Joneses' Complaint.

### III. CONCLUSION

For the foregoing reasons, the District Court improperly granted CMI's Rule 12(b)(6) motion and improperly dismissed Joneses' complaint with prejudice and without leave to amend. This Court should reverse the District Court's Rule 12(b)(6) order and judgment and remand for further proceedings.

RESPECTFULLY SUBMITTED this 31st day of October, 2014.

s/ Michael D. Maloney State Bar # 208297
Michael D. Maloney (State Bar No. 208297)
Jamil L. White (State Bar No. 244028)
LOUIS | WHITE, P.C.
1851 Heritage Lane, Suite 148
Sacramento, CA 95815
Telephone: (916) 333-3613
Facsimile: (916) 274-4631

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                s/ Shiloh Borsh